IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01713-REB-PAC

EMERSON FALLICE CALVERT,

    Plaintiff(s),

v.

ROBERT J. SAFRANEK,
STANLEY BRINKLEY,
DONALD L. BLAKE,
GARY BEEDY,
THEODORE L. LYONS,
STEVE BURGESS,
ROXANA L. DEVERS, and
LEROY YOWELL,

    Defendant(s).

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

    The matters before the court are [the County Defendants'[1]] Combined Motion to Dismiss and Memorandum in Support Thereof [filed September 29, 2005] and Defendant Brinkley's Motion to Dismiss [filed September 30, 2005]. The motions are fully briefed and have been referred to the undersigned for a recommendation on disposition. I have determined that oral argument would not materially assist the Recommendation.

    Plaintiff's *pro se* complaint is difficult to decipher. However, it appears that plaintiff is asserting claims under 42 U.S.C. §1983 for violation of his constitutional rights arising primarily out of an ongoing state zoning enforcement action related to a parcel of real

---

[1] The County Defendants include defendants Robert Safranek, Donald Blake, Gary Beedy, Theodore Lyons, Steve Burgess, Roxana Devers, and LeRoy Yowell.

property plaintiff owns in Lincoln County, Colorado. Defendant Blake is the Lincoln County Land Use Administrator; defendant Devers is the County Administrator, and defendants Beedy, Lyons and Burgess are County Commissioners in Lincoln County. Defendant Yowell is the Lincoln County Sheriff. Defendant Safranek is the Lincoln County Attorney. Defendant Brinkley is a state district court judge.

Plaintiff has owned various pieces of property in Limon, Colorado since 1966. (Complaint, p. 5) Plaintiff states that he has used those properties to operate a salvage yard, to store cars and construction equipment, and to operate a vehicle repair shop. (*Id.*)

In 1973, Lincoln County passed a zoning resolution that prohibits "open to air" any item considered "junk." (Compl., p. 5) The County passed a new zoning resolution in 1998 prohibiting individuals from maintaining their property in the condition of a "junk yard" without a permit. (Plaintiff's Submission of Documents, filed by plaintiff on November 29, 2005 and docketed on December 14, 2005)

In 1998, the State of Colorado charged plaintiff with violating the Lincoln County zoning regulations by maintaining one of his properties in the condition of a "junk yard" in *People v. Fallice Calvert, et al.*, Lincoln County District Court Case No. 98-cv-9 (Plaintiff's Submission of Documents) On December 7, 1998, plaintiff entered into a Consent Judgment and Order of Abatement in that case wherein plaintiff agreed and was ordered to clean up the subject property and to remove all items which the Lincoln County zoning resolution classified as junk, with the exception of certain items of personal property that plaintiff was allowed to keep. (*Id.*; Defendants' Notice of Submission of Documents, filed November 21, 2005, Attachment 1). On May 21, 2001, plaintiff was served with a "Notice

of Violation and Cease and Desist Order" concerning the subject property. (Defendants' Notice of Submission of Documents, Attachment 1)

Defendant Safranek filed a Complaint for Injunction, Abatement of Nuisance, and Civil Penalties in *Board of County Commissioners of the County of Lincoln v. E. Fallice Calvert,* Lincoln County District Court Case No. 02-CV-40, in September 2002 after plaintiff failed to comply with the Cease and Desist Order. (*Id.*; Plaintiff's Submission of Documents)  After a trial, defendant Lincoln County District Court Judge Brinkley entered a judgment in October 2003 ordering: that plaintiff was permanently restrained and enjoined from continued violation of Lincoln County zoning laws; that plaintiff remove all unlawful items from the subject property before December 31, 2003, except for certain enumerated items of personal property that plaintiff would be allowed to retain; and, that plaintiff would be subject to civil penalties for failure to remove the unlawful items by the court-ordered deadline.[2]  (*Id.*)

Defendant Safranek issued contempt citations to plaintiff in March 2004 and August 2005 for plaintiff's failure to comply with the state court's October 2003 Order. (Plaintiff's Submission of Documents; Defendants' Notice of Submission of Documents, Attachments 4, 7)  In April 2005, Defendant Judge Brinkley held plaintiff in contempt of the court's October 2003 Order and imposed a $5,000 fine, detention in the County jail and home detention. (*Id.*; Compl., p. 6) The August 2005 contempt citation was to be heard on

---

[2]Plaintiff told the undersigned at a November 15, 2005 hearing that he did not appeal the state district court's order.

October 17, 2005. (Defendants' Notice of Submission of Documents, Attachment 9) The outcome of that proceeding is not part of the court's record.

Plaintiff claims in this federal civil rights action that the defendants deprived him of his property in violation of the Fourteenth Amendment Due Process Clause and selectively prosecuted him for violating Lincoln County's zoning laws in violation of his Fourteenth Amendment equal protection rights. Plaintiff further claims that defendant Safranek's prosecution of the state zoning enforcement action and fifty-four other misdemeanor actions against the plaintiff was malicious, and that plaintiff was slandered when remarks Judge Brinkley made about plaintiff in a court hearing were published in the local newspaper. Plaintiff also purports to state a claim against Safranek based on Safranek's participation in drafting the 1973 zoning resolution with the intent to "legislate" the plaintiff out of business. (Compl., at p. 5)

Plaintiff requests damages from all defendants, "free and clear title" to defendant Safranek's property in Limon, Colorado, and asks the court to enjoin defendants from "any further attacks on [him]," his family or his property. (Compl., at pp. 9-11)

II.

Defendants move to dismiss plaintiff's claims under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Where the defendants' challenge to the court's subject matter jurisdiction is lodged as a facial attack on the complaint, the court must accept the

allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If the defendant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the plaintiff's factual allegations, but must resolve disputed issues of fact. *Id.* at 1003. The court's reference to documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule 56 motion. *Id.*

In considering a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), the court accepts well-pleaded factual allegations as true and resolves all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565.

*Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* A court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.

1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III.

Defendants argue that the court lacks subject matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine. Defendants also argue that defendant Safranek is entitled to legislative and prosecutorial immunity, that defendant Judge Brinkley is entitled to judicial immunity, and that plaintiff has failed to state a claim for relief against any of the defendants.

I first address defendants' jurisdictional argument.

A.    Applicability of *Rooker-Feldman* doctrine

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), the Supreme Court held that lower federal courts do not have subject matter jurisdiction to hear claims actually decided by a state court.  The Court later extended the holding of *Rooker* to bar lower federal court review of claims that are "inextricably intertwined" with a state court judgment. *See Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

The *Rooker-Feldman* doctrine prohibits "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Crutchfield v. Countrywide Home Loans,* 389 F.3d 1144, 1148 (10th Cir. 2004)(internal quotations and citations omitted).

Case 1:05-cv-01713-REB-PAC   Document 38   Filed 12/19/05   USDC Colorado   Page 7 of 18

Here, it does not appear that any of the claims plaintiff asserts in this §1983 action were actually decided by the state district court. Accordingly, the issue is whether the federal claims are inextricably intertwined with the state court judgment.

A federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J. concurring). Moreover, the federal claim is barred if "the injury alleged by the federal plaintiff resulted from the state court judgment itself," as opposed to being distinct from that judgment. *Kenmen Engineering v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002)(internal quotations and citation omitted).

The *Rooker-Feldman* bar protects *all* state court judgments. *Kenmen Engineering*, 314 F.3d at 473 (Emphasis in the original). In addition, the jurisdictional bar applies even when the federal-court plaintiff did not have an opportunity to litigate his claims in the state court proceeding. *Id.*

    1.    <u>Due Process Violation</u>

Plaintiff claims that the zoning enforcement action in Lincoln County District Court Civil Action No. 02-cv-40 deprived him of his property without due process in violation of the Fourteenth Amendment. Plaintiff alleges that the state court judgment limiting the amount of equipment he is allowed to have on the subject property and ordering him to maintain the subject property in a certain condition to comply with local zoning ordinances constitutes a "common law lien" on his property. (Compl., at 5)

7

Plaintiff asks the court to enjoin the defendants from any future actions to enforce the state court's October 2003 Order, through contempt citations, contempt orders, or otherwise, and to compensate him for the losses he has suffered in being required to comply with that order. Clearly, the state court judgment caused the injury for which plaintiff seeks injunctive relief. *Kenmen Engineering*, 314 F.3d at 477. Plaintiff also requests a damages award to place him back in the position he occupied prior to the state court judgment. Essentially, plaintiff seeks to undo the state court judgment in this §1983 action which is impermissible. *Id.* at 477. Accordingly, I recommend finding that plaintiff's Fourteenth Amendment deprivation of property claim is inextricably intertwined with the state court judgment and, therefore, this court lacks jurisdiction to hear that claim under the *Rooker-Feldman* doctrine. *See Kenmen*, 314 F.3d at 477.

    2.    <u>Equal Protection Violation</u>

Plaintiff next claims that defendant Safranek and the individual county commissioner defendants violated his Fourteenth Amendment equal protection rights by enforcing the county zoning laws against him, while other persons who engaged in similar conduct were not prosecuted.

The government retains "broad discretion" as to whom to prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1985). " '[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion.' " *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "[T]he conscious exercise

of some selectivity in enforcement is not per se a federal constitution violation." *Oyler v. Boles*, 368 U.S. 448, 506 (1962).

To state a claim of selective prosecution in violation of the Equal Protection Clause, plaintiff must allege facts to show that "he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him." *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994)(quoting *United States v. Salazar*, 720 F.2d 1482, 1487 (10th Cir.1983)).

Plaintiff must also show that the government's selection of him for prosecution "was invidious or in bad faith and was based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights." *Salazar*, 720 F.2d at 1487; *see*, *also*, *Bordenkircher*, 434 U.S. at 364 ("`[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.'")(quoting *Oyler*, 368 U.S. at 456). Alternatively, plaintiff must allege that a government official singled him out for intentional or purposeful discrimination without a legitimate government objective. *Buckley Const. Inc. v. Shawnee Civic & Cultural Dev. Authority*, 933 F.2d 853, 859 (10th Cir. 1991)(citing *Snowden v. Hughes*, 321 U.S. 1, 8 (1944))(recognizing that an equal protection violation may arise from intentional or purposeful discrimination against a particular person in the application of state laws even if that person is not a member of an identified class); *see*, *also*, *Vanderhurst v. Colorado Mtn. College Dist.*, 16 F.Supp.2d 1297, 1301-02 (D. Colo. 1998) (Babcock, J.)(same).

Plaintiff alleges in his complaint that within a three block radius of his property is "a former feed lot turned city junk yard," a packing plant with various pieces of equipment outside the plant and on the road leading to the plant, three trucking companies with trucks, trailers, tires, and various tools and equipment on the outside premises, a construction company storage lot with rows of lumber, construction equipment and other miscellaneous equipment outside, and two veterinary clinics with dead carcasses outside. (Compl., at 5) Assuming that the conditions of the other properties identified by plaintiff are not permitted and are otherwise similarly situated to the condition of his property, plaintiff does not allege any facts to support a finding that the County's prosecution of him for violating county zoning laws was based on any impermissible considerations such as race, religion or the desire to prevent plaintiff from exercising his constitutional rights. *Salazar*, 720 F.2d at 1487; *Furman*, 31 F.3d at 1037. Instead, plaintiff appears to allege that he was the victim of intentional and purposeful discrimination by defendant Safranek who wanted to "run [plaintiff] out of business." (Compl., at 5)

To prevail on his equal protection claim, plaintiff must demonstrate that the alleged intentional discrimination was not related to any legitimate governmental objective. The state court implicitly found that the zoning enforcement action against plaintiff was valid when the court entered judgment in favor of Lincoln County. Accordingly, plaintiff's equal protection claim can "succeed only to the extent that the state court wrongly decided the issue before it." *Penzoil*, 481 U.S. at 25 (Marshall, J., concurring)) As discussed above, plaintiff asks the court to enjoin the defendants from further enforcement of the state court's October 2003 order, and seeks damages resulting from his having to comply with

that order. But for the state court judgment holding that plaintiff had violated County zoning laws, plaintiff would not be seeking redress in this court. *Kenmen Engineering*, 314 F.3d at 477. I recommend dismissal of plaintiff's Fourteenth Amendment equal protection claim against defendant Safranek and the individual county commissioner defendants under the *Rooker-Feldman* doctrine because that claim is inextricably intertwined with the state court judgment.

### 3. Malicious Prosecution

Plaintiff next asserts a claim against defendant Safranek for maliciously prosecuting him in Lincoln County District Court Civil Action 02-cv-40.

State law provides the starting point for analyzing a claim for malicious prosecution under §1983. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001). In Colorado, one of the elements of a malicious prosecution claim is that the prior action ended in the federal-court plaintiff's favor. *See* CO-JICIV 17:1 (4th ed); *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004).

Here, the state district court ruled in favor of Lincoln County and against the plaintiff. Plaintiff thus cannot prevail on his §1983 malicious prosecution claim against defendant Safranek unless this court concludes that the state court decision was erroneous. I recommend finding that this court lacks jurisdiction over plaintiff's malicious prosecution claim under the *Rooker-Feldman* doctrine because that claim is inextricably intertwined with the state court judgment. *See Hall v. Martin,* 191 F.R.D. 617, 620-23 (D.Kan. 2000)(holding that *Rooker-Feldman* doctrine barred plaintiff's claim of malicious prosecution because the federal claim could "succeed only to the extent that the state

court wrongly decided the issue before it")(quoting *Penzoil*, 481 U.S. at 25 (Marshall, J., concurring)); *Bukowski v. Hall*, 165 F.Supp.2d 674,677-78 (N.D.Ohio 2001)(holding that defendant's counterclaim for malicious prosecution arising from alleged false statements made against him by kidnapping and rape victim in criminal proceeding was barred by *Rooker-Feldman* because defendant could not prevail unless federal court voided his state court criminal conviction); *Ellis v. CAC Financial Corp.*, 6 Fed.Appx. 765, 769 (10th Cir. 2001) (Unpublished) (concluding that plaintiff's claims of fraud and malicious prosecution were barred by *Rooker-Feldman* because the federal court could not resolve those claims without calling into question the state court judgment in favor of the federal defendant); *LeCates v. Barker*, 242 F.3d 389, 2000 WL 1717184 (10th Cir. (Utah) 2000) (Unpublished) (holding that malicious prosecution claim was barred under *Rooker-Feldman* because federal court would be required to determine that state court judgment in federal defendant's favor was erroneous or void).[3]

To summarize, I recommend dismissal of plaintiff's Fourteenth Amendment due process deprivation of property claim, his Fourteenth Amendment equal protection claim, and his Fourteenth Amendment malicious prosecution claim (arising out of Case No. 02-cv-40) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[4] Moreover, to the extent plaintiff asks this court to enjoin the defendants from initiating any future zoning enforcement action or other administrative action against him which is

---

[3] The *Ellis* and *Cates* decisions are cited in accordance with 10th Cir. Rule 36.3(B) and are attached to the Recommendation in accordance with 10th Cir. Rule 36(c).

[4] Plaintiff does not challenge the general constitutionality of the county zoning ordinances that he was charged with violating in the state court actions. General constitutional challenges to state laws are excepted from the *Rooker-Feldman* doctrine. *See Crutchfield*, 389 F.3d at 1149.

unrelated to an existing state court judgment plaintiff's request for injunctive relief is not ripe for disposition.  *See Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004).

B.     Prosecutorial Immunity

Plaintiff asserts additional claims of malicious prosecution against defendant Safranek based on fifty-four misdemeanor cases that Safranek initiated against the plaintiff from 1969-1976 while Safranek was the Lincoln County Attorney. (Compl., at pp. 6-7) Plaintiff alleges that all of the cases were resolved in plaintiff's favor. (*Id.*) Defendants argue that defendant Safranek is entitled to prosecutorial immunity.

A criminal prosecutor enjoys absolute immunity from damages under §1983 when he "initiat[es] a prosecution and . . . present[s] the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *see, also, Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.") Absolute prosecutorial immunity extends to "state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings." *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000)(internal quotations and citations omitted).

I recommend a finding that defendant Safranek is entitled to prosecutorial immunity based on his filing of numerous misdemeanor cases against plaintiff between 1969 and 1976. Plaintiff's malicious prosecution claim based on those actions should be dismissed.

Alternatively, if the plaintiff is claiming that the earlier prosecutions violated his equal protection rights, he has not alleged facts to show that he was similarly situated to other individuals who were not prosecuted for the same misdemeanor violations. *See Salazar; Furman.* Moreover, any claims arising out prosecutions which occurred thirty years ago are time-barred.[5] *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993)(holding that federal courts considering §1983 claims should apply the relevant state's general or residual statute for personal injury actions); COLO.REV.STAT. ("C.R.S.") §13-80-102(1)(stating that two year limitations period applies to actions for which no other period of limitation is provided).

C.  Judicial Immunity

Plaintiff asserts a slander claim against defendant Judge Brinkley based upon Judge Brinkley's alleged statements in court, while sentencing plaintiff to jail and home detention, that he was "going to make an example out of [plaintiff]." (Compl., at p. 6) Plaintiff alleges that Judge Brinkley's comments were published in the local newspaper and that the publication embarrassed him. (Complaint, at p. 2, 6) To the extent this claim is not barred by the *Rooker-Feldman* doctrine, it should be dismissed for failure to state a claim.

A judge is absolutely immune from liability for money damages for his judicial acts unless he has acted in the absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349,

---

[5] The court can dismiss a complaint under Fed.R.Civ.P. 12(b)(6) if it is clear from the facts alleged that plaintiff's claims are barred by the applicable statute of limitations. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 and n.4 (10th Cir. 1980); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999).

356-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  A judge does not lose the cloak of immunity just because he or she acted maliciously, in bad faith, in error, or in excess of his or her authority.  *Stump*, 435 U.S. at 356-57; *Mireles*, 502 U.S. at 11.  To determine whether the act in question is "judicial" in nature, the court considers whether the function is one normally performed by a judge and whether the parties dealt with the judge in his judicial capacity.  *Stump*, 435 U.S. at 362.

Here, the objectionable comments by Judge Brinkley which were later published in the newspaper were made while Judge Brinkley was sentencing plaintiff to detention for violating a prior court order.  Judges are immune from liability for defamation claims which are based on words spoken or published in the course of judicial proceedings. *See e.g.*, *Burns v. Reed*, 500 U.S. 478, 490 (1991) (noting common-law rule).

Accordingly, plaintiff's slander claim against defendant Judge Brinkley should be dismissed because Judge Brinkley is entitled to  judicial immunity.

D.      Legislative Immunity

Plaintiff alleges that defendant Safranek drafted the 1973 Lincoln County zoning regulation prohibiting property owners from having "open to air" any item considered to be "junk" in an effort to "legislate" plaintiff out of business because Safranek's prior efforts to put plaintiff out of business had failed.  (Compl., at p. 5)

The constitutional basis of plaintiff's claim is unclear.  However, it is well established that "[l]ocal legislators are entitled to absolute immunity from §1983 liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).  "The essentials of the legislative function are the determination of the legislative policy and its formulation and

promulgation as a defined and binding rule of conduct." *Kamplain v. Curry County Bd. of Comm'rs*, 159 F.3d 1248, 1251-52 (10th Cir.1998); *Bogan*, 523 U.S. at 54 ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."). Moreover, attorneys engaged in legitimate legislative activity are also entitled to absolute immunity. *See Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 507 (1975)(extending legislative immunity to the chief counsel of a congressional subcommittee who aided Senate committee members in subpoenaing bank records pursuant to investigation authorized by the Senate); *see, also, Aitchison v. Raffiani*, 708 F.2d 96, 99 (3rd Cir. 1983)(holding that borough attorney who acted as a legal aide in the course of legislative drafting was entitled to legislative immunity); *Green v. DeCamp*, 612 F.2d 368 (8th Cir. 1980)(extending legislative immunity to counsel for a state senate investigative committee in preparing committee report); *Ellis v. Coffee County Bd. of Registrars*, 981 F.2d 1185, 1192 (11th Cir. 1993)(holding that county attorney was protected by legislative immunity from civil claims arising from his advisory role in county commissioners' decision to remove individuals from the county voting list).

In Colorado, adopting zoning regulations is a legislative function of the boards of county commissioners. *See Bd. of Cnty. Comm'rs of Boulder Cnty. v. Thompson*, 493 P.2d 1358, 1361 (Colo. 1972); C.R.S. §30-28-101, *et seq.*

Accordingly, I recommend finding that defendant Safranek is entitled to absolute legislative immunity for his participation in drafting the 1973 zoning ordinance about which plaintiff complains. The other County defendants are also entitled to legislative

16

immunity against any claims arising out of their involvement in drafting and/or adopting the 1973 or 1998 zoning resolutions.

E.  Other Claims

To the extent plaintiff purports to state any other claims for relief against the defendants which are not discussed above, the court is unable to discern any actionable claims from the allegations of plaintiff's complaint.  *See Dunn*, 880 F.2d at 1197 (stating that court will not construct legal theories which assume facts that have not been pleaded); *Whitney*, 113 F.3d at 1173-74 (recognizing that the court is not obligated to "supply additional factual allegations to round out a plaintiff's complaint.").

IV.

For the reasons set forth above, it is

**RECOMMENDED** that [the County Defendants'] Combined Motion to Dismiss and Memorandum in Support Thereof [filed September 29, 2005] be **GRANTED**. It is

**FURTHER RECOMMENDED** that Defendant Brinkley's Motion to Dismiss [filed September 30, 2005] be **GRANTED.**  It is

**FURTHER RECOMMENDED** that this civil action be **DISMISSED**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in**

**part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated December 19, 2005.

BY THE COURT:

PATRICIA A. COAN
United States Magistrate Judge